*3 Richard Alderson was possessed of several negroes in the declaration mentioned, and made his last will and testament, (dated the 15th of September, 1695) in these words, ‘My will is, that Margaret my wife, shall be sole possessor, and disposer of what estate it hath pleased Almighty God to endue me withal, during her life, providing she keep herself unmarried, or in ease she do marry again, that she, nor her husband, or any person or persons in their behalf, by any means or instruments to embezzle or make waste of the said estate, to any indemnity to my children.’ Then by another clause, he gives his whole estate, chattel and chattels, to his son Richard, please God he lives, &tc. Margaret, after her husband’s death, married the plaintiff who carried off several of the slaves, and as it is said, married one of them, and had several children by her. Margaret died, and Richard Alderson die son, took the negroes in the declaration mentioned, and sold them to the defendant. And the question will be whether the remainder of the negroes (which were chattel!* at the time of the testator’s death) first given to Margaret for life, be a good remainder to Richard ; and 1 think clearly that it is. The devise that his wife should be sole possessor of his estate during her life, if it had gone no further, would have been construed as to chattels, no more than the devise of the use, and in that case, without doubt, a remainder might, by die rules of law, be limited over. But where he goes on and says, she shall be sole possessor and disposer of every part of his estate during her life, it may be a question whether it be not the same as if he had given his estate to Ms wife for life, remainder over. And admit it to be so, yet the remainder will be good, and Richard had a good right to die ne-groes after his mother’s death. There is a difference taken in the old books : where the thing itself is devised, a devise over is void, but where only the use is devised to one for a certain time, is it otherwise ; and the principal case to this purpose is 37. H. 6. 36. Bro. Abr. title devise pi. 13. upon which several other resolutions: have been built, viz. Plowd. 521. C. Owen 33. Marsh. Rep. 106. But these authorities are certainly too rigid in the case of a will, where a construction ought to be made as far as the law will admit, that the intention of the testator may take place ; for a man upon his death bed being supposed to be inops consilii, the Judges will so expound his words, that the whole will may stand and take effect. And as to the case here, of later times, it has often been resolved upon a great debate contrary to the old books, and at this day the law is not so strict as it was formerly taken to he in the disposition of personal chattels. For instance, in the case pf Catchmay and Nicholas, Anno 1673, where one devised all his *4 estate to his sister during her life, and after her decease he gave four hundred pounds a piece to Ms four nieces, which estate consisted of personal: things, there it was insisted that the legacy to the nieces was void, it being the devise of the remainder of a personal-■■thing after the death of another, to whom it had been already given. The Master of the Rolls referred this point to Justice Ellis for his opinion, which was, that the remainder was good, and it wras so decreed at the Rolls, and upon an appeal to the Lord Keeper, the decree was affirmed. See Lord Nottingham’s reports, 1.16. for the first devise being construed a trust. Sir Thomas Charges’ case, Anno 1691. Nelson, the old Duke of Albemarle, devised his jewels and plate to his wife for life, and afterwards to his son Christopher, which was a plain devise of a chattel personal with a remainder, and the Master of the Rolls held, this should be construed a devise of the use of the jewels, in order to support the will and intention of the testator. S. C. is reported, 2. Vern. 245. and the Lord Chancellor decreed accordingly, and the remainder to the young Duke was held good. In the case of Hide and Perret, 2. Vern. 331. the plaintiff’s father devised to his wife all his household goods in his dwelling house at Hoddesden, during her natural life, and after her decease, to his son Joseph, and the question was, whether the devise over of these chattels, was good or not. The Lord Keeper held, that die devise over was good, for as to the personal chattels, the civil and common law is considered, and there the rule is, where personal chattels are devised for a limited time, it shall be intended the use of them only, and not the devise of the thing itself, and therefore allowed the remainder over to be good. These cases were determined upon solemn arguments, and are conformable to the resolutions in several other cases cited in the reports. They come up expressly to the case at bar, and there can be no question, but according to them, Richard had. a good right to the negroes now in question.
And it was adjudged for the defendant.
Reported by Sir John Randolph.,